IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CRAIG CUNNINGHAM, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) ) ) |
| LILLY MANAGEMENT AND MARKETING, LLC, doing business as USA VACATION STATION, LLC, and KEVIN LAWRENCE, | ) ) ) ) ) |
|     Defendants. | ) ) |

No. 3:14-cv-02399

Judge Nixon
Magistrate Judge Bryant

JURY DEMAND

## ORDER

Pending before the Court is Plaintiff Craig Cunningham's Motion for Default Judgment and Hearing for Damages, in which Plaintiff requests this Court enter default judgment against Defendants pursuant to Federal Rule of Civil Procedure 55(b)(2). (Doc. No. 16.) For the reasons stated below, Plaintiff's Motion is **GRANTED** in part.

I. BACKGROUND

Cunningham alleges Defendants made three unsolicited calls to his cellphone using a prerecorded message in an attempt to sell him vacation packages to Mexico or Florida. (Doc. No. 1 ¶¶ 4–5.) The messages did not identify the name or phone number of the telemarketer. (*Id.* ¶ 10; Doc. No. 20-1.) Cunningham also alleges he requested his number be added to Defendants' do-not-call list, yet he continued to receive unsolicited telemarketing calls from Defendants. (Doc. No. 1 ¶ 10.) Cunningham sued Defendants for violations of the Telephone Consumer Protection Act ("TCPA") on December 29, 2014. (Doc. No. 1.)

Defendants did not respond to Cunningham's Complaint, and the Clerk entered default against Defendants on March 16, 2015. (Doc. No. 13.) Cunningham filed the instant motion on

1

April 2, 2015. (Doc. No. 16.) A hearing in this matter was scheduled for Thursday, May 28, 2015. (Doc. No. 18.) However, this Court received Defendant Kevin Lawrence's Response and Motion to Set Aside (Doc. Nos. 22, 23) on May 26, 2015. Accordingly, the Court vacated the Clerk's Entry of Default as to Defendant Lawrence and scheduled a second hearing for June 11, 2015. (Doc. No. 24.) Defendants did not attend the hearing. As of the date of this Order, Defendant Lilly Management and Marketing, LLC ("Lilly") has not entered an appearance in this matter and Defendant Lawrence has not been in further contact with the Court.

## II. ANALYSIS

The TCPA prohibits the use of automated dialing systems and prerecorded messages in telemarketing calls made to cellphones. 47 U.S.C. § 227(b)(1)(A)(iii) (2012). The TCPA also prohibits telemarketing calls to residential subscribers without following certain requirements, including that the caller: "(1) provide 'the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted,' [47 C.F.R.] § 64.1200(d)(4); (2) maintain a do-not-call list, § 64.1200(d)(6); and (3) honor a person's request not to be called, § 64.1200(d)(3)." *Charvat v. NMP, LLC*, 656 F.3d 440, 444 (6th Cir. 2011). Plaintiffs may recover $500 in damages for each violation of each of these provisions of the TCPA, and that sum may be tripled if the defendant's violation was knowing or willful. 47 U.S.C. §§ 227(b)(3), 227(c)(5). "[A] person may recover statutory damages of $1500 for a willful or knowing violation of the automated-call requirements, § 227(b)(3), and $1500 for a willful or knowing violation of the do-not-call-list requirements, § 227(c)(5)—even if both violations occurred in the same telephone call." *Charvat*, 656 F.3d at 449.

Cunningham alleges Defendants made three calls to his cellphone that constituted knowing and willing violations of the automated-call and the do-not-call list provisions of the TCPA, and he seeks $9,000 in statutory damages, $450 in costs, and $94,500 in punitive damages. (Doc. No. 20 ¶ 14.) Cunningham's motion for statutory damages and costs is hereby **GRANTED**. However, Cunningham cites no authority justifying an award of punitive damages under the TCPA, and this Court knows of none. *See Cunningham v. Addiction Intervention*, No. 3:14-cv-0770, 2015 WL 475264, at *3 (M.D. Tenn. Feb. 4, 2015) report and recommendation adopted, No. 3:14-cv-0770, 2015 WL 1101539 (M.D. Tenn. Mar. 11, 2015) (denying Plaintiff's request for punitive damages under the TCPA). Accordingly, Cunningham's motion for punitive damages is **DENIED**.

### III. CONCLUSION

For the reasons stated above, Cunningham's Motion (Doc. No. 16) is **GRANTED** in part. The Court hereby reinstates default as to Defendant Lawrence, and orders Defendants to pay $9,000 in statutory damages and $450 in costs to Plaintiff. The Clerk of the Court is directed to **CLOSE** the case.

It is so ORDERED.

Entered this ____ day of June, 2015.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT